It follows that the judgment must be affirmed.

---

St. Louis Southwestern Railway Company *v.* Wynne-gar.

Opinion delivered February 8, 1915.

Railroads—injury to passenger—infant—amount of damages.— Where an infant of eight years, a passenger with its parents on defendant's train, had one finger injured by the negligence of a brakeman in letting the back of a seat fall on his hand, *held,* the infant plaintiff could recover only for pain and suffering, since his loss of time could be of no value, and where there was no impairment of the use of the finger nor substantial disfigurement

resulting from the injury, a judgment for $600 damages will be held excessive, and the judgment will be reduced to $200.

Appeal from Cross Circuit Court; *W. J. Driver,* Judge; modified and affirmed.

### STATEMENT BY THE COURT.

Appellee, a baby boy, eight (8) months old, was making a journey with his parents from his home in Mississippi by way of Memphis, Tenn., to visit his grandparents near Hughes Springs, in Texas. After the train left Memphis, on the 5th of September, 1911, and while near Wynne, Arkansas, his mother laid him asleep on the seat in front of her, and a brakeman came along and turned or pushed down the back of the seat and either mashed the nail off of his right fore-finger, or mashed it so that it came off and bruised the end of the finger badly. No complaint was made to any of the train crew about the injury.

His parents called a doctor, after arriving at Hughes Springs, who treated the injured finger and bound it up, telling them that no bone was bruised. For this service he charged fifty cents. The baby was wakeful, crying and fretting, for a day or two after the injury, and the nail was some two or three months growing back; the use of the finger is not impaired, but his mother said, "It is kinder sloped and does not look round like the other fingers, it tapers around and is not as plump as the other fingers."

The doctor testified that the baby was brought to him for treatment, that the injury was very slight, so slight that he paid little attention to it; the tip end of the finger was bruised and possibly the nail came off later. He bandaged it and told the parents to use phenolated camphor on it. He charged fifty cents for the service. He said, further, in describing the extent of the injury, that it would probably require some time for the nail to grow off, that the parents mentioned bringing suit against the railway company for damages, and he told them the injury was too slight, there was nothing about it to be permanent, and in his opinion there was no reason for the disfigurement of the finger.

The father also brought suit for damages and the jury returned a verdict in his favor for $50, and in appellees' favor for $600 damages. Upon the motion for a new trial, the father waived his claim for damages, and judgment was rendered for $600 damages, for appellee, from which this appeal comes.

*S. H. West* and *J. C. Hawthorne,* for appellant.

There is no permanent injury. The damages must be limited to pain and suffering. The verdict was grossly excessive. 89 Ark. 9; 104 Pac. 249; 174 Fed. 477; 131 S. W. 714; 83 N. W. 181; 76 S. W. 402; 79 S. W. 351; 30 Pac. 149.

*A. J. McIntire* and *Killough & Lines,* for appellee.

The amount of the damages allowed was a question of fact for the jury, and this court will not interfere unless the jury has wantonly abused its function. The fact that the trial court, on a motion addressed to the excessiveness of the verdict, has previously reviewed the amount fixed, and approved it, ought to cause this court to be more reluctant to disturb the verdict. 104 Pac. 249; 76 S. E. 786.

KIRBY, J., (after stating the facts). It is contended by appellant that the damages awarded are excessive, and this contention must be sustained. The infant, plaintiff, could only have recovered for pain and suffering since his loss of time, if any, could not have been of any value, and there was no impairment of the use of the finger nor substantial disfigurement resulting from the injury. He suffered pain evidently and was wakeful, crying and fretting, for a few days, and under these circumstances the court has concluded that an award of more than $200 as damages, resulting from the injury would be grossly excessive.

The judgment is therefore reduced to that sum and as modified will be affirmed. It is so ordered.